SARAH W. HULSE, RELATOR, v. THE POLICEMEN'S PENSION COMMISSION OF THE CITY OF LONG BRANCH, RESPONDENT.

Decided February 7, 1927.

**Municipalities—Policemen's Pensions—Relator's Husband Had Been Appointed For a Fixed Time, but Had Held Over Until He Had Become Too Ill to Work as the Result of Exposure in the Performance of His Duties—There Had Not Been Paid Into the Pension Fund the Per Centum Required by Law—Held, That He was a Policeman Within the Meaning of the Act, and the Failure to Pay in the Statutory Requirement Ought Not Defeat His Widow's Rights.**

On rule for *mandamus*.

Before Justices BLACK and CAMPBELL.

For the rule, *William L. Edwards*.

Contra, *Charles F. Sexton*.

PER CURIAM.

John Lloyd Hulse was appointed a "chanceman" on the police force of Long Branch on June 4th, 1924; his certificate of appointment reading: "The commissioners of the city of Long Branch hath appointed and doth hereby appoint John L. Hulse a chanceman on the regular police force of the city of Long Branch for such time as his services may be required and not later than October 1st, 1924 * * *."

Hulse was assigned to patrol duty and continued in service, without interruption or reappointment until December 31st, 1925, when he was taken ill. He died March 13th, 1926, of tuberculosis resulting from grippe brought on by cold and exposure during the performance of his duties.

From January, 1926, he was paid one-half salary; the remaining one-half being paid into the pension fund. He was paid in full for six days in March, 1926, and then dropped from the payroll. This was seven days before his death.

Relator, his widow, having applied to respondent for a pension under chapter 160, *Pamph. L.* 1920, *p.* 324, and her application having been denied, obtained the present rule to show cause why a peremptory *mandamus* should not issue compelling the allowance and payment of a pension to her under the aforesaid act.

The first objection of respondent is that Hulse was not a member of the police department so as to entitle him to the benefits of the Pension act, *supra.* But we think he was a member of the police department.

An ordinance of the city, passed January 4th, 1921, entitled "An ordinance providing for, relating to, and regulating the police department of the city of Long Branch" by section 1, provides: "That hereafter there shall be in the city of Long Branch a police department which shall consist of the chief of police, two lieutenants of police, one sergeant of police, regular patrolman and such number of chancemen and special officers as the board of commissioners shall deem advisable to appoint and for which appointments the board by appropriation in any fiscal year may have provided."

There is also an ordinance, passed May 6th, 1924, being an amendment of the ordinance of January 4th, 1921, which provides by section 1 as follows:

"That hereafter there shall be in the city of Long Branch a police department which shall consist of the chief of police, one lieutenant of police, assigned to detective bureau; one lieutenant of police, assigned to house duty; one sergeant of police, two acting sergeants of police, without increase of salary, to have such power as shall be defined by the commissioner of public safety and the chief of police, regular patrolman, and such number of chancemen and special officers as the board of commissioners shall deem advisable to appoint, and for which appointments the board of appropriation in any fiscal year may have provided." This amendment (as does the original ordinance) fixes the salary of the chancemen, but goes further and provides for an increased salary after any such chancemen shall have served five years.

Respondent urges that as Hulse never became a patrolman he was not a member of the police force and relator contends that be became such by holding over after the expiration of his appointment. But neither contention, we think, is sound.

The first, because the ordinances before referred to clearly show chancemen to be members of the police force, and, the second, because, under similar conditions, it was held to the contrary in *Freas* v. *Cape May*, 77 *N. J. L.* 164.

The right of appointment of such men is provided for by article 15, section 3, chapter 152, *Pamph. L.* 1917, but this in nowise affects their status as members of the police department except that it permits of their discharge and removal without having charges preferred against them and a trial or hearing thereon. In other words, they are not protected in their tenure of office as are the permanently appointed members.

The final ground urged by respondent is that Hulse did not pay into the pension fund any portion of his salary as provided by sections 3 and 4 of the Pension act of 1920. *supra*.

Section 3 provides: "The widow  *  *  *  of any member of the police  *  *  *  department, having paid into the fund the full amount of his annual assessment or contribution, who shall have lost his life in the performance of his duties or who shall die from causes other than injuries received in the performance of his duties shall receive a pension  *  *  *."

Section 4 provides that a fund shall be created for the purpose of paying such pensions in the following manner: "There shall be deducted from every payment of salary to such member of the police and fire departments  *  *  *  two per centum of the amount thereof  *  *  *." And this section further requires the municipality to raise by taxation and pay into the fund yearly "an amount equal to four per centum of the total salaries paid to members" of such departments.

It is true that nothing was deducted from Hulse's salary, but this should not defeat the right of the relator.

All of these questions seem to be clearly and definitely settled in favor of relator by *Sheehan* v. *Lee*, 96 *N. J. L.* 341; *Van Horn* v. *Donnelly, Id.* 345; *affirmed,* 98 *Id.* 909.

Relator is entitled to a peremptory writ of *mandamus,* and such writ may accordingly be issued.